IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

HEWLETT CUSTOM HOME DESIGN,          §
INC.,                                §
                                     §
      Plaintiff,                     §
                                     §
v.                                   §        CIVIL ACTION NO. H-10-04837
                                     §
FRONTIER CUSTOM BUILDERS, INC.       §
and RONALD W. BOPP,                  §
                                     §
      Defendants.                    §


MEMORANDUM AND ORDER

      Pending are Defendants Frontier Custom Builders, Inc. and
Ronald W. Bopp's Motion to Exclude Plaintiff's Expert Shane Hewlett
(Document No. 55), Defendants' Motion for Summary Judgment
(Document No. 56), Plaintiff's Motion for Partial Summary Judgment
(Document No. 58), Plaintiff's Objections to and Motion to Strike
Portions of Declaration of John McGinty (Document No. 64), and
Defendants' Objections and Motion to Strike Evidence Filed with
Plaintiff's Response to Motion for Summary Judgment (Document No.
81).  After carefully considering the motions, responses, replies,
and applicable law, the Court concludes as follows.

I.  Background

      Plaintiff Hewlett Custom Home Design, Inc. ("Plaintiff")
alleges that it is the author and owner of certain architectural
works, namely its Plan 4348, Plan 4210, Plan 4540, Plan 4187, Plan

4721, Plan 5449, and Plan 5092, all of which it has registered with the United States Copyright Office.[1]   Plaintiff alleges that Defendant Frontier Custom Builders, Inc. ("Frontier") infringed on Plaintiff's copyrights in its design of certain homes in the Houston area and in its creation of plans that it advertises on its website, which Plaintiff claims are copies or derivatives of one or more of Plaintiff's designs.[2]   Plaintiff claims copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 *et seq.* Defendant Ronald W. Bopp ("Bopp," and collectively with Frontier, "Defendants") is the principal of Frontier, who Plaintiff seeks to hold vicariously liable for the infringement.  Defendants move for summary judgment, and Plaintiff moves for partial summary judgment. Both parties have filed objections to the opposing parties' experts, and Defendants further object to Plaintiff's inclusion of certain exhibits in its summary judgment evidence.

## II.  Evidentiary Matters

A.  Shane Hewlett

Defendants seek to exclude the testimony of Plaintiff's non-retained expert, Shane Hewlett ("Hewlett"), because of Plaintiff's

---

[1] Document No. 30 at 3-4 (1st Am. Cmplt.).

[2] Id. at 5-6.

failure to comply with the disclosure requirements of Rule 26(a)(2)(C).[3]  Rule 26(a)(2)(C) states that:

> Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure [of the identity of the expert under Rule 26(a)(2)] must state:
>
> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
>
> (ii) a summary of the facts and opinions to which the witness is expected to testify.

FED. R. CIV. P. 26(a)(2)(C).[4]

Plaintiff timely designated Hewlett, who is Plaintiff's principal and owner and the creator of the designs, as a rebuttal expert witness to address the similarity between the copyrighted works and the allegedly infringing works if Defendants chose to designate an expert on this topic.  In the designation, Plaintiff states that if Defendants designate such an expert, "[Plaintiff] will serve the disclosures required by Rule 26(a)(2)(C) within the time periods required for rebuttal experts under the Federal Rules of Civil Procedure."[5]  The disclosure further states that:

---

[3] Document No. 55.

[4] A witness who is "retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony" must submit an expert report.  FED. R. CIV. P. 26(a)(2)(B).

[5] Document No. 55, ex. 1 at 1-2.

3

> Mr. Hewlett will also offer testimony regarding his creation of the works at issue and may also explain aspects of the works at issue and the practices of the building design industry.  To the extent that such testimony is considered to be expert testimony rather than fact testimony, HCHD similarly designates Mr. Hewlett as an expert witness pursuant to Rule 26(a)(2)(6).  Mr. Hewlett's testimony would be based on his knowledge of the works at issue and experience in the building design industry, and would explain what the works are and how they were created.[6]

Defendants designated and produced the report of retained expert John McGinty to offer opinions on the originality of aspects of Plaintiff's works and to compare Plaintiff's works with Defendants' allegedly infringing works,[7] but Plaintiff produced no further Rule 26 disclosures regarding Hewlett's opinions and the bases for them in response to Defendants' disclosure. Plaintiff states that Hewlett's opinions and the bases for them were disclosed in responses to interrogatories propounded by Defendants, and that Defendants were able fully to explore Hewlett's opinions and their bases in his deposition on November 13, 2012.[8]  However, Rule 26 states that a party must disclose a rebuttal expert's opinions and the bases for them within thirty days after the other party's disclosure. FED. R. CIV. P. 26(a)(2)(C).  Plaintiff has made no

---

[6] Id., ex. 1 at 2.

[7] Id., ex. 2 at 1-2.

[8] Document No. 75 at 2.

showing that it complied with Rule 26 in its disclosure of Hewlett's opinions.

However, Plaintiff's failure to comply with the requirements of Rule 26 does not result automatically in the exclusion of Hewlett's testimony. The Fifth Circuit considers four factors when deciding whether a district judge abuses his discretion by excluding an expert that was not properly disclosed: (1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) the potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice. <u>Brumfield v. Hollins</u>, 551 F.3d 322, 330 (5th Cir. 2008) (citing <u>Geiserman v. MacDonald</u>, 893 F.2d 787, 791 (5th Cir. 1990)).

Plaintiff provides no explanation to justify its failure to comply with Rule 26, other than to state that no further information was required by Rule 26, despite its own statement to the contrary in its initial disclosure of Hewlett. Nonetheless, the testimony of Hewlett on the originality of Plaintiff's works and a comparison of his works with the alleged infringing works is central to the claims alleged here.[9] Defendants conclusorily state that, "allowing such evidence long after the discovery date has

---

[9] To the extent that Defendants are seeking to exclude Hewlett's testimony explaining aspects of his own works, such is fact testimony rather than expert testimony, and thus not subject to the Rule 26(a)(2)(c) requirements.

passed under the scheduling order and after this case has been on file for two years, would clearly prejudice Defendants."[10] Plaintiff asserts that it has fully informed Defendants of Hewlett's opinions and the bases for them in its responses to interrogatories.  It should therefore be quite easy for Plaintiff promptly to comply with Rule 26(a)(2)(C), albeit late. Accordingly, it is ORDERED that within seven (7) days after the date of this Order Plaintiff shall serve on Defendants its Rule 26(a)(2)(C)(i) and (ii) disclosures pertaining to Hewlett's expected testimony.  If Defendants in good faith contend that the disclosures add new matters not previously disclosed in Plaintiff's responses to interrogatories, Hewlett's deposition, and Hewlett's declaration opposing summary judgment, and which unfairly prejudice Defendants, then the Court will consider a promptly filed motion to strike such new matter(s) or consider granting a continuance to cure any unfair prejudice.  The Motion to Exclude Hewlett's Testimony (Document No. 55) is DENIED, without prejudice to being reconsidered if Plaintiff does not serve the Rule 26(a)(2)(C) disclosures as above required.[11]

---

[10]  Document No. 55 at 4.

[11]  Defendants' Objections and Motion to Strike Evidence Filed with Plaintiff's Response to Motion for Summary Judgment (Document No. 81) is DENIED as to their requests to strike paragraphs 11-96 of Hewlett's declaration because of Plaintiff's failure to comply with Rule 26.

B.  John McGinty

Plaintiff moves to strike portions of the declaration of Defendants' expert, John McGinty (Document No. 64). Expert witnesses are not allowed to "render conclusions of law." Snap-Drape, Inc. v. C.I.R., 98 F.3d 194, 198 (5th Cir. 1996) (citing Aldread v. City of Grenada, 988 F.2d 1425, 1436-37 (5th Cir. 1993)); Owen v. Kerr-McGee Corp., 698 F.2d 236, 240 (5th Cir. 1983)). However, "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." FED. R. EVID. 704. It is not clear that McGinty is attempting to use legal definitions of "original" and "derivative" to state impermissible conclusions of law, as suggested by Plaintiff, rather than merely using these terms in their common usage to describe the historical roots of architectural features and/or the process of creating an architectural design. The Court will assume the terms as used in paragraphs 3, 5, and 14 are being used in the permissible manner, and therefore denies Plaintiff's motion to strike these sentences.

Plaintiff also moves to strike the sentence in paragraphs 7, 9, 11, 13, and 15, that "The similarities are based on functional relationships between rooms required to meet the demands of the market and client." Because McGinty provides no analysis or basis for these conclusory opinions and does not explain what is meant by the functional relationship between the rooms, etc., this sentence

7

is STRICKEN from each of paragraphs 7, 9, 11, 13, and 15. Plaintiff's motion to strike portions of McGinty's Declaration (Document No. 64) is otherwise DENIED.

C.   Plaintiff's Exhibits

Defendants object to Plaintiff's Exhibit 35 and Exhibits 37 through 66 on the grounds that they were not timely produced.[12] These exhibits simply contain side-by-side comparisons of Plaintiff's and Defendants' designs that were previously produced on separate pages by both sides.   Defendants' motion to strike Exhibit 35 and Exhibits 37 through 66 is DENIED.

III.   Motions for Summary Judgment

A.   Summary Judgment Standard

Rule 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   FED. R. CIV. P. 56(a).   Once the movant carries this burden, the burden shifts to the nonmovant to show that summary judgment should not be granted.   Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998).   A party opposing a properly supported motion for summary judgment may not rest upon

---

[12] Document No. 81 at 2-3.

mere allegations or denials in a pleading, and unsubstantiated assertions that a fact issue exists will not suffice. Id. "[T]he nonmoving party must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." Id. "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . .; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). "The court need consider only the cited materials, but it may consider other materials in the record." Id. 56(c)(3).

In considering a motion for summary judgment, the district court must view the evidence "through the prism of the substantive evidentiary burden." Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2513 (1986). All justifiable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986). "If the record, viewed in this light, could not lead a rational trier of fact to find" for the nonmovant, then summary judgment is proper. Kelley v. Price-Macemon, Inc., 992 F.2d 1408, 1413 (5th Cir. 1993). On the other hand, if "the factfinder could reasonably find in [the nonmovant's] favor, then summary judgment is improper." Id. Even if the

standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that "the better course would be to proceed to a full trial." Anderson, 106 S. Ct. at 2513.

B.   Defendants' Motion for Summary Judgment

Defendants move for summary judgment on Plaintiff's copyright infringement claim because (1) Plaintiff does not own a valid copyright in the portion of its designs that Defendants allegedly infringed upon, (2) Defendants did not have access to Plaintiff's designs, (3) the designs are not substantially similar, and (4) Plaintiff cannot establish that any of Frontier's revenues are attributable to the alleged infringement.

In order to make a prima facie case of copyright infringement, Plaintiff must prove (1) ownership of a valid copyright, and (2) copying by defendant of constituent elements of the work that are original. Gen. Universal Sys., Inc., v. Lee, 379 F.3d 131, 141 (5th Cir. 2004) (quoting Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 111 S. Ct. 1282, 1296 (1991)).

Plaintiff in the voluminous summary judgment evidence has raised genuine issues of material fact on each of the essential elements of its copyright infringement claims against Defendants as to Plaintiff's Plans 4187 and 4210.   As to these two Plans, Defendants' Motion for Summary Judgment will be DENIED.   Plaintiff

has made no showing, however, that Defendants ever had access to Plans 4348, 4540, 4721, 5449, or 5092, or that Defendants ever used such Plans in Frontier's works. Accordingly, as to these latter five Plans, Defendants are entitled to summary judgment denying Plaintiff's copyright infringement claims.

C.   Plaintiff's Motion for Partial Summary Judgment

   1.   Plaintiff is the Owner of Valid Copyrights in the Works

Plaintiff's uncontroverted summary judgment evidence shows that Plaintiff's principal Shane Hewlett independently created Plans 4210, 4187, 4348, 4540, 4721, 5449, and 5092, the creation of these plans required at least a minimal degree of creativity, and that Plaintiff registered all of its works with the United States Copyright Office.[13]   Defendants have offered no evidence to contradict that proof; and Plaintiff has therefore established as a matter of law that it is the owner of valid copyrights in these works.

   2.   Affirmative Defenses

Plaintiff moves for summary judgment to dismiss several of Defendants' affirmative defenses.[14]   A plaintiff moving for summary

---

[13] Document No. 62, ex. A at 1-14.

[14] In response to Plaintiff's motion, Defendants withdrew their defense that this Court lacks jurisdiction. They further withdrew

judgment on an affirmative defense, where defendant bears the ultimate burden of proving the defense, may satisfy its burden by showing the absence of evidence for an essential element of the defense. *See* <u>Soto v. William's Truck Serv., Inc.</u>, Civ. A. No. 3:11-CV-3242-B, 2013 WL 487070, at *3 (N.D. Tex. Feb. 8, 2013) (citing <u>F.D.I.C. v. Giammettei</u>, 34 F.3d 51, 54 (2d Cir. 1994); <u>Celotex Corp.</u>, 477 U.S. at 323-24).

Defendants plead as an affirmative defense the bar of the statute of limitations, which for copyright is three years. 17 U.S.C. § 507. "In this Circuit a copyright claim accrues 'when [the party] knew or had reason to know of the injury upon which the claim is based.'" <u>Jordan v. Sony BMG Music Entm't Inc.</u>, 354 F. App'x 942, 945 (5th Cir. 2009) (unpublished op.) (quoting <u>Pritchett v. Pound</u>, 473 F.3d 217, 220 (5th Cir. 2006)); *see also* <u>Interplan Architects, Inc. v. C.L. Thomas, Inc.</u>, Civ. A. No. 4:08-CV-03181, 2010 WL 4366990, at *24 (S.D. Tex. Oct. 27, 2010) (Ellison, J.).

Shane Hewlett stated in his declaration that he first became aware of the alleged infringement in December 2007 when he saw one of the alleged infringing houses at 13723 Vinery Street while driving around a neighborhood called Lakewood Oaks Estates looking

---

their affirmative defense of "substantial similarity," recognizing that this is not an affirmative defense but rather an element of Plaintiff's claim on which Plaintiff bears the burden of proof. Document No. 63 at 7.

at Christmas lights displays.[15]   Plaintiff filed suit on December
3, 2010.[16]   Defendants contend that Hewlett should have known of the
injury before 2007,[17] relying on summary judgment evidence that in
1997 Frontier was building houses in a subdivision adjacent to the
subdivision where Plaintiff's Plan 4210 was being used to construct
a house on Kodes Clay Court.[18]   They contend that "Plaintiff should
have known these allegedly infringing houses were being built in
the Terranova subdivision as far back as 1997."[19]   Defendants
produce no evidence, however, that any of the alleged infringing
houses was located in the Terranova subdivision, and Plaintiff
avers that there were no infringing houses being built there.[20]
Defendants' unsupported allegation that Plaintiff "should have
known" of the injury giving rise to its cause of action more than
three years before filing suit--without proof of any facts--is
insufficient to raise a genuine issue of material fact on
their statute of limitations defense.   Plaintiff's proof is
uncontroverted, and Plaintiff is entitled to summary judgment on
the limitations defense.

---

[15] Document No. 62, ex. A ¶ 20.

[16] Document No. 1 (Orig. Cmplt.).

[17] Document No. 63 at 3-5.

[18] Document No. 63, ex. 17, App. 155-157.

[19] Document No. 63 at 4.

[20] Document No. 78 at 2.

13

Defendants in their Answers allege numerous other defenses under the caption "Affirmative Defenses." Plaintiff also moves for summary judgment on some of these that actually are not "affirmative defenses," upon which Defendants bear the burden to raise a fact issue, but are simply the converse of facts that Plaintiff must prove to establish its case. Apart from what has already been discussed, and because genuine issues of material fact remain for trial on the core controversy, the better course is to await a full development of the case at trial before ruling on shades or phases of Defendants' alleged defenses. *See* <u>Anderson</u>, 106 S. Ct. at 2513.

## IV. <u>Order</u>

For the foregoing reasons, it is

ORDERED that Defendants Frontier Custom Builders, Inc. and Ronald W. Bopp's Motion to Exclude Plaintiff's Expert Shane Hewlett (Document No. 55) is DENIED without prejudice to being reconsidered if Plaintiff does not within seven (7) days after the date of this Order serve on Defendants the Rule 26(a)(2)(C) disclosures required above at page 6; Plaintiff's Objections to and Motion to Strike Portions of Declaration of John McGinty (Document No. 64) is GRANTED in part, as set forth above at pages 7 and 8, and is otherwise DENIED; and Defendants' Objections and Motion to Strike

14

Evidence Filed with Plaintiff's Response to Motion for Summary Judgment (Document No. 81) is DENIED.  It is further

ORDERED that Defendants' Motion for Summary Judgment (Document No. 56) is GRANTED as to Plaintiff's copyright infringement claim based on Plan 4348, Plan 4540, Plan 4721, Plan 5449, and Plan 5092. The motion is otherwise DENIED, and Plaintiff's Motion for Partial Summary Judgment (Document No. 58) is GRANTED with regard to Plaintiff's ownership of valid copyrights in Plans 4187, 4210, 4348, 4540, 4721, 5449, and 5092, of which Plans 4187 and 4210 remain the subject of Plaintiff's infringement case, and is further GRANTED with regard to Defendants' statute of limitations defense, which defense is DISMISSSED.  Plaintiff's motion is otherwise DENIED.

The Clerk shall notify all parties and provide them with a signed copy of this Order.

SIGNED at Houston, Texas, on this  21st  day of March, 2013.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

15